UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARCI D. RADBIL, <br> *and* RICHARD S. RADBIL, <br> *Plaintiff*s <br> <br> VS. <br> <br> ARF FINANCIAL, LLC f/k/a <br> ADVANCE RESTAURANT <br> FINANCE, LLC, *and* <br> PADFIELD & STOUT, LLP <br> *Defendants* | § § § § § § § § § § § § § § | CASE NO. 1:19-cv-00962 <br> <br> <br> **JURY TRIAL DEMANDED** |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS Marci D. Radbil and Richard S. Radbil ("the Radbils") and files this, their Original Petition, complaining of DEFENDANTS ARF Financial, LLC f/k/a Advance Restaurant Finance, LLC ("ARF") and Padfield & Stout, LLP ("Padfield"), and for causes of action would respectfully show this Honorable Court the following:

## **PARTIES**

Plaintiffs Marci D. Radbil and Richard S. Radbil are natural persons and residents of Travis County, Texas.

Defendant ARF Financial, LLC is California limited liability corporation which does or transacts business in Texas.

Defendant ARF Financial, LLC may be served with process through its registered agent, ROBERT LAPIDUS, 875 PROSPECT STREET, SUITE 220, LA JOLLA, CA 92037.

Defendant Padfield & Stout, LLP is a Texas limited liability partnership. Its principal address is 420 Throckmorton Street, Suite 1210, Fort Worth, TX 76102.

Padfield & Stout, LLP may be served with process via its registered agent, ALAN B. PADFIELD, 420 THROCKMORTON STREET, SUITE 1210 FORT WORTH, TX 76102.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and pursuant to 15 U.S.C. 1692k(d).

2. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

4. Plaintiffs have suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

1. Specifically, the harms suffered by Plaintiffs are particularized, in that the violative deposition notices at issue were sent to Plaintiffs personally, regarded their personal alleged debts, and were intended to deceive Plaintiffs into waiving their rights under the FDCPA and TDCA to be free from abusive and deceptive debt collection tactics.

## FACTUAL ALLEGATIONS

5. At all times relevant to this claim, ARF was a "debt collector" as that term is defined in the TDCA§ 392.001(6).

6.      At all times relevant to this claim, Padfield was a "third party debt collector" as that term is defined in the TDCA § 392.001(7) and a "debt collector" as that term is defined in the FDCPA § 1692(a).

7.      The Radbils are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to ARF.

8.      At all times relevant to this claim, Radbil's debt was a "consumer debt" as that term is defined in the TDCA § 392.001(6), and a "debt" as that term is defined in the FDCPA § 1692a(5).

9.      The Radbil's debt, owed or due, or asserted to be owed or due, arises from transactions in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     The claims in this lawsuit arose from ARF's and Padfield's attempts to collect this consumer debt from the Radbils, to wit, a judgment entered against the Radbils for a debt claim on September 25, 2017, in Case No. 2017-005902-1, *Advance Restaurant Finance, LLC vs Hi Red Hi Black, LLC, Marci D. Radbil, Richard S. Radbil*, in the Tarrant County, Texas County Court at Law #1 (the "debt" or the "judgment").

11.     The debt in question is not a business debt, though it may appear so on its face. Usually, debts arising from business loans are not covered by the FDCPA or TDCA.  See, e.g., *Bloom v. I.C. System, Inc*., 972 F.2d 1067 (9th Cir. 1992).

12.     However, there is an exception to this rule where (as is the case here), the individual transactions which created the debt were consumer in nature, i.e., incurred for personal, family, or household reasons), but which may have been intermingled with other transactions within a business account or on a business loan.

13. Courts examine the substance of transactions to determine whether they fall under the ambit of consumer protection statutes such as the FDCPA and TDCA. Put another way, courts examine the types of transactions which created the debt, not the type of underlying account which "housed" the transactions. See, for example, *Perk v. Worden*, 475 F.Supp.2d 565, 569 (E.D. Va. 2007) (individual applied for credit card as President of Fish Scents, Inc., but used card for personal purposes; court found debt was "consumer" debt per the FDCPA); *Riviere v. Banner Chevrolet,* Inc., 184 F.3d 457, 461-63 (5th Cir.1999), "[whether the consumer protection statute applies] involves a factual determination of [plaintiffs'] purpose in [making the transaction[s] . . ." *Id.* at 462. *Slenk v. Transworld Sys.*, 236 F.3d 1072 (9th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Nix v. Welch & White*, 2001 U.S. Dist. LEXIS 10364 (D. Del. July 18, 2001), rev'd on other grounds, 2003 U.S. App. LEXIS 289 (3d Cir. Jan. 8, 2003) (borrower's intended use of the loan proceeds, not the lender's expectations of how the proceeds would be used, determined the ultimate consumer nature of the debt.).

1. The debt's current incarnation is a foreign judgment, arising from a debt claim action against the Radbils, which ARF and Padfield later domesticated in Tarrant County, Texas in 2017 by filing the above-captioned action.

2. Not coincidentally, Padfield is headquartered in Tarrant County, Texas.

3. At all times relevant to this Complaint, Padfield was acting as the agent for ARF insofar as ARF hired Padfield to collect the debt from the Radbils.

4. On or about September 9, 2019, in an attempt to collect the debt on ARF's behalf, Padfield sent a certified mail package to the Radbil's residence in Travis County, Texas.

5. The certified mail package noticed the Oral Deposition of both Radbils for October 16, 2019.  (See Ex. 'A', Deposition Notices to the Radbils, attached hereto.)

6. The deposition notices commanded the Radbils to sit for their depositions in Tarrant County, Texas – where Padfield's law offices are located.  (Ex. 'A'.)

7. However, the Radbils reside in Austin, Texas, which is well over 150 miles from Tarrant County. (Ex. 'A'.)

8. According to Texas law, a party to a state court action should not be compelled to sit for a deposition over 150 miles from his or her county of residence.  (Tex. R. Civ. P., Rule 176.3)

9. Accordingly, on or about September 23, 2019, prior to retaining the undersigned counsel, the Rabils contacted Padfield (ARF's counsel) via telephone, from their county of residence, Travis County, and asked him to conduct the deposition in Travis County.

10. However, during this phone call with Plaintiffs, Padfield's attorney, John Easter, insisted (without explanation or justification) that the Radbils sit for their depositions in Tarrant County.

11. Furthermore, Padfield's deposition notices to the Radbils did not comply with the Local Rules of the Tarrant County Courts at Law, Rule 3.11(b).  The deposition notices do not contain the required certificate of conference by this Rule.  Instead, Padfield simply served the deposition notices on the Radbils without first attempting to confer with them about the date, time, and place of their depositions, also as required by Local Rule 3.11(b).

12. Rather, Padfield intentionally commanded the Radbils to sit for depositions its own home county – Tarrant -- and then refused to accommodate the Radbil's legal request to

conduct the deposition at a reasonable location rather than a city 200 miles from the Radbil's residence.

13. At all times relevant to this Complaint, Padfield was acting as ARF's agent, acting at the direction and control of ARF, and ARF is thus also vicariously liable for Padfield's illegal collection activities under the common-law doctrine of *respondeat superior*.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE TEXAS DEBT COLLECTION ACT ("TDCA"), TEX. FIN. CODE §392 *et seq*.

14. The Radbils incorporate the preceding paragraphs as if set forth at length.

15. Padfield, at ARF's direction and control, violated the TDCA §§ 392.304(a)(8), (19) by falsely representing to the Radbils that they were required to sit for a deposition in Tarrant County to assist Defendants in collection of the debt.

16. Padfield, at ARF's direction and control, violated the TDCA §§ 392.301(a)(8) by attempting to coerce the Radbils into sitting for a deposition 200 miles from their county of residence in an attempt to collect the debt.

17. ARF violated the TDCA § 392.306 by using Padfield to collect debts on its behalf, despite ARF having actual knowledge that Padfield continuously engages debt collection practices that are prohibited by the TDCA, including but not limited to the practices detailed in this Complaint.

18. As a result of Padfield and ARF's violations of the TDCA, the Radbils are entitled to an order directing both Defendants to cease its illegal collection

activites on the debt, pursuant to § 392.403(a)(1); and reasonable attorney fees pursuant to § 392.403(b).

## COUNT II

## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT ("TDTPA"), TEX. BUS & COM § 17.46 *et seq.*

19. The Radbils incorporate the preceding paragraphs as if set forth at length.

20. Pursuant to the TDCA § 392.404, a violation of that statute is a deceptive trade practice under Tex. Bus. & Com. Code § 17.46 *et seq*, and is actionable under that subchapter.

21. ARF and Padfield's illegal debt collection activities, as described herein, constitute false, misleading, and deceptive business practices that are prohibited by the TDTPA §§ 17.46(b), 17.50(a)(1), and are unconscionable business practices prohibited by the TDTPA 17.50(a)(3).

22. As a result of ARF and Padfield's violations of the TDTPA, the Radbils are entitled to recover treble actual damages, injunctive relief, and attorney fees from the Defendants jointly or severally, pursuant to TDTPA §§ 17.50(b), (d).

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

23. The Radbils incorporate the preceding paragraphs as if set forth at length.

24. Padfield violated the FDCPA § 1692f because Padfield's debt collection practices, as described herein, are unfair means of collecting a debt.

25. Padfield violated the FDCPA § 1692e(10), because Padfield by falsely represented to the Radbils that they were required to sit for a deposition in Tarrant County to assist Defendants in collection of the debt when in fact there is no such legal requirement.

26. Padfield violated the FDCPA § 1692i(a)(2) because it brought the legal actions (domestication of the judgment and subsequent court actions) in Tarrant County, Texas, where Padfield is headquartered – rather than in Travis County, Texas, where the Rabils reside.

27. As a result of Padfield's violations of the FDCPA, the Radbils are entitled to statutory damages of $1,000.00 pursuant to the FDCPA § 1692k(a)(2); and reasonable attorney fees and court costs, pursuant to § 1692k(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs the Radbils pray that this Court enter judgment against Defendants ARF and Padfield as follows:

a. award the Radbils statutory damages of $1,000.00, and attorney fees and costs of court, per the FDCPA § 1692k, as to Padfield;

b. enter an order enjoining both Defendants from engaging in the debt collection practices described herein, the injunction being authorized by the TDCA §392.403 and TDTPA § 17.50(b);

c. award the Radbils attorney fees and costs of court, per the TDTPA § 17.50(b), as to both Defendants;

d. award the Radbils attorney fees and costs of court, per the TDCA § 392.403, as to both Defendants;

e. equitably apportion the liability for damages and attorney fees between ARF and Padfield under the principles of joint and several liability;

f. award the Radbils any other relief to which this Court may find them entitled in law or in equity.

Respectfully Submitted,

Zimmer & Associates
1108 Lavaca Street, Suite 110-187
Austin, Texas 78701
Telephone: (512) 434-0306
Facsimile: (310) 943-6954

/s/ Robert Zimmer
By:     Robert Zimmer
State Bar No. 24098662
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFFS**